**MULTIPLATE GLASS CORP.**

v.

**POLAROID CORP.**

Civ. No. 1555.

United States District Court,
D. Delaware.

Jan. 15, 1954.

E. Ennalls Berl (of Berl, Potter & Anderson), Wilmington, Del., and Floyd H. Crews and Harvey M. Mortimer (of Darby & Darby, New York City, for plaintiff.

Arthur G. Connolly and Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., and Donald L. Brown, Cambridge, Mass., and Rowland V. Patrick (of Fish, Richardson & Neave), Boston, Mass., for defendant.

LEAHY, Chief Judge.

Plaintiff Multiplate Glass Corporation on July 24, 1953, sought relief by filing a declaratory judgment action against Polaroid Corporation, basing it on a controversy concerning four Polaroid patents. Later, on August 7, 1953, Polaroid filed suit in the District of Massachusetts against Loew's, Inc., a Multiplate customer, alleging infringement of three of the four patents. Then, on September 11, 1953, upon Multiplate's motion, this court granted leave to add Loew's, Inc. as a party plaintiff in the declaratory judgment action here and on October 22, 1953, enjoined Polaroid from further prosecution of the Massachusetts suit, and any other such suits on the patents against those dealing in the patented products with Multiplate. Polaroid noticed its appeal on November 20, 1953, from the injunction, and it is now pending. Loew's, Inc. thereafter withdrew from the case at bar upon a consent order of dismissal dated December 4, 1953. The Massachusetts suit was also terminated on the same date by a similar order. Polaroid now seeks amendment of the injunction issued in this proceeding to permit it to sue Glendale Optical Co., Inc., a Multiplate collaborator in sales of the patented articles to Loew's, Inc., either alone or with Multiplate in New York. Polaroid candidly discloses its intention to apply for a stay of the Delaware action if the present amendment is allowed. Multiplate opposes the amendment and parries with its motion to add Glendale as a party plaintiff in this action.

The Polaroid motion to amend is made to hinge on Multiplate's allegedly misleading silence as to Glendale's role in the sales to Loew's and on reasons ordinarily assigned to effect a transfer. Recent discovery in this case indicates Multiplate and Glendale jointly contracted with Loew's to supply 3-D viewers. Multiplate processed and supplied the polarized lens material to Glendale for insertion into spectacles, shipping and billing to Loew's. Prior to this discovery, Multiplate had referred to Loew's as its "then only customer". Polaroid complains of being misled by this and other Multiplate pleadings to its injury in that

it did not learn of Glendale's participation until the ban of the intervening injunction prevented suit in New York. While there is an elusive overtone of linguistic "tightrope-walking" by Multiplate, I find it an innocent one originating in a disagreement between the parties as to whether only the polarized lenses are involved in the alleged infringement or the completed spectacles. The patents largely concern polarization, and, quite technically, Glendale was not a Multiplate "customer" but a joint contractor. Multiplate had some basis for thinking Polaroid intended to protect its patents by challenging only the prime source of polarized lenses. But if Multiplate be guilty of half-truths, so is Polaroid in claiming it "had no knowledge of Glendale's participation in the alleged infringement". Affidavits filed in this action by Polaroid evidence the tantalizing suspicion of defendant's executives that Glendale was sufficiently involved to invite investigation. To cap the conclusion is to probe the supposed wound inflicted upon Polaroid. Its depth is simply a New York suit would have been begun against Glendale had there been no injunction. If a salve be needed, it is Glendale clamoring for admission· as a party plaintiff. Yet, Polaroid opposes. The forum simply does not suit defendant. It prefers the Eastern District of New York. Urging this preference, Polaroid shifts emphasis to the aspects of a transfer. In effect, the present motion ·coupled with the intention to request stay of the Delaware action amounts to an informal attempt to transfer. In this, however, Polaroid espouses reasons on behalf of the New York forum which ordinarily would be Multiplate's reasons for desiring suit in New York. Polaroid stresses New York as the residency and operational site of Multiplate and Glendale, as the location of plaintiff's witnesses, and as the essential habitat of Multiplate's president. The short answer is Multiplate does not complain of any hardship but rather defends its choice of the Delaware forum. Glendale seeks admission as a plaintiff here, bely-

ing any preference for New York on its part. Patents are the subject of suit, and invariably expert witnesses carry the brunt of proof. They are equally available for appearances in Delaware as in New York. Polaroid's principal place of business is in Cambridge, Massachusetts, and the *de minimis* distance between New York, the desired forum, and Wilmington, the present forum, can be the only added inconvenience claimed. The argument is not persuasive. Polaroid's affidavits intimate Glendale may infringe independently of Multiplate. If the defendant desires to litigate this aspect, a counterclaim would be appropriate, once Glendale becomes a party.

I have concluded to grant the motion to admit Glendale Optical Co., Inc. as a party complainant in this action. A modification of the injunction therefore becomes unnecessary, and Polaroid's motion to amend is denied.

An order may be submitted on notice.